UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVAN GILYOV,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:25-cv-01625-LK<br><br>ORDER GRANTING STIPULATED MOTION TO HOLD CASE IN ABEYANCE |

　　　　This matter comes before the Court on the parties' Stipulated Motion to Hold Case in Abeyance. Dkt. No. 9. Plaintiff Ivan Gilyov brought this litigation under the Administrative Procedure Act and Mandamus Act seeking to compel Defendants to adjudicate his asylum application. Dkt. No. 1 at 1, 4–5; *see also* Dkt. No. 9 at 1. The parties now seek to hold this case in abeyance until March 4, 2026, as they "are currently working towards a resolution to this litigation" and believe "additional time" may enable them to resolve the case "without the need of further judicial intervention." Dkt. No. 9 at 1–2.

　　　　"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

ORDER GRANTING STIPULATED MOTION TO HOLD CASE IN ABEYANCE - 1

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

As noted above, this case may be resolved without the need for further judicial intervention. The parties relate that USCIS has now scheduled Mr. Gilyov's asylum interview for November 4, 2025, and that "USCIS agrees to diligently work towards completing the adjudication[] within 120 days of the interview, absent unforeseen or exceptional circumstances that would require additional time for adjudication." Dkt. No. 9 at 2. "Once the application is adjudicated, Plaintiff will dismiss the case." *Id.* A stay to allow this process to play out will not cause any damage or result in any hardship or inequity to any party, and will promote the orderly course of justice as well as preserve the parties' and the Court's resources. *CMAX*, 300 F.2d at 268.

The Court thus GRANTS the parties' stipulated motion. Dkt. No. 9. This case will be held in abeyance until March 4, 2026. The parties are ORDERED to submit a joint status report on or before that date.

Dated this 10th day of October, 2025.

*Lauren King*
Lauren King
United States District Judge